IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-79,042-01 & -02






EX PARTE COREY JACKSON, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. F-1030843-H & F-1030844-H IN CRIMINAL DISTRICT COURT NO. 1


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession
with intent to deliver a controlled substance and unlawful possession of a firearm. He was sentenced
to ten years' imprisonment on each count. He did not appeal his convictions.

 Applicant contends, among other things, that although he pleaded guilty on the condition that
his federal and state sentences would run concurrently, he is not receiving credit on his federal
sentences while confined on his state sentences. Applicant has alleged facts that, if true, might
entitle him to relief. Ex parte Huerta, 692 S.W.2d 681 (Tex. Crim. App. 1985); Ex parte Patterson,
993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is
the appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether: (1) 
Applicant, while in state custody, is receiving credit for his federal sentences; and (2) if not,
Applicant pleaded guilty on the condition that his state and federal sentences would run concurrently.
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: March 6, 2013

Do not publish